Filed 9/3/13  P. v. Quintero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>VINCENT PAUL QUINTERO,<br><br>Defendant and Appellant. | F065085<br><br>(Fresno Super. Ct. No. F12600295)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  K. Culver Kapetan, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Levy, Acting P.J., Detjen, J. and Franson, J.

## INTRODUCTION

Appellant/defendant Vincent Paul Quintero pleaded no contest in two separate cases to stalking while a court order was in effect (Pen. Code,[1] § 649.9, subd. (b)) and corporal injury to a cohabitant with a prior conviction (§ 273.5, subd. (e)(1)). He committed both offenses against his former girlfriend. Defendant was sentenced to two years in state prison. On appeal, his appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

### Case No. F12600295

Defendant and the victim had lived together for five years, and they had two children together. As of January 2012, they had been separated for one year because of a domestic violence incident. The court had issued a domestic violence restraining order against defendant, on behalf of the victim and her children.

At approximately 5:45 a.m. on January 8, 2012, the victim was asleep in her bedroom, and woke up to the sound of a door slamming. She looked in the doorway and defendant was standing there. Defendant accused her of having a man in her residence. She picked up her cell phone to call the police. Defendant grabbed the cell phone from her and continued to repeat the accusation. When she told him to leave, defendant choked her and then let her go. Defendant walked out of the bedroom. She followed him, told him to leave, and asked for her cell phone. As they reached the front door, defendant grabbed the victim's neck and slammed her against the wall. Defendant left with her cell phone.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] Given defendant's no contest pleas, the facts are taken from the probation report.

2.

On February 23, 2012, a complaint was filed in the Superior Court of Fresno County, charging defendant with count I, stalking while a court order was in effect (§ 646.9, subd. (b)); count II, corporal injury to a cohabitant with a prior conviction (§ 273.5, subd. (e)(1)); count III, grand theft (§ 487, subd. (c)); count IV, misdemeanor damage to a wireless communication device (§ 591.5); count V, misdemeanor unauthorized entry of a dwelling house (§ 602.5, subd. (a)); and count VI, misdemeanor disobeying a domestic relations court order (§ 273.6, subd. (a)). (CT 1-2) A warrant was issued for his arrest.

## Case No. F12600406

On March 6, 2012, defendant again went to the victim's residence. He rang the bell and said they needed to talk. The victim refused to let him in and said he needed to leave. Defendant climbed through a window. She tried to run away from him, but he pushed her to the floor. Defendant again said he needed to talk to her. He held her down and refused to let her get up. She repeatedly tried to get away from him, but he pinned her down. They struggled for about 45 minutes.

The victim told defendant that if he returned her cell phone, which he took during the prior incident, she would not call the police. Defendant returned her cell phone. She quickly ran to the garage and called 911. Defendant left on a bicycle. The victim suffered multiple bruises and scratches on her body.

On the night of March 7, 2012, defendant was arrested. He had fresh scratches on his face. Defendant was advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and he initially denied being at the victim's house. He then admitted that he was there, but claimed he just tried to hug the victim, she punched him, and they fell down.

In case No. F12600406, defendant was charged with count I, corporal injury to a cohabitant with a prior conviction (§ 273.5, subd. (e)(1)); count II, first degree residential

burglary (§§ 459, 460); count III, false imprisonment (§ 236); and count IV, misdemeanor disobeying a domestic relations court order (§ 273.6, subd. (a)).

**Defendant's plea**

On March 13, 2012, defendant pleaded no contest in case No. F12600295, to count I, stalking while a court order was in effect (§ 646.9, subd. (b)); and in case No. F12600406, to count I, corporal injury to a cohabitant with a prior conviction (§ 273.5, subd. (e)(1)). Defendant entered his pleas with the understanding that the court would dismiss the remaining charges in both cases, he would be sentenced to no more than a two-year aggregate term, and he receive concurrent terms.

**Sentencing**

On April 10, 2012, the court denied probation and imposed the lower term of two years for corporal injury to a cohabitant (case No. F12600406), and a concurrent two-year term for stalking while a court order was in effect (case No. F12600295). Defendant was awarded 70 days of presentence credit. According to the abstract of judgment, the court imposed the following orders as to each case: a restitution fine of $240 (§ 1202.4, subd. (b)); a suspended $240 parole revocation fine (§ 1202.45); a $40 court security fee; and a $30 criminal conviction assessment. The court also imposed a 10-year restraining order on behalf of the victim and her children against defendant (§ 273.5, subd. (i)).

On June 4, 2012, defendant filed a timely notice of appeal and request for a certificate of probable cause in case No. F12600295; he did not file an appeal in case No. F12600406. On June 7, 2012, defendant's request for a certificate of probable cause was denied.

**DISCUSSION**

As noted *ante*, defendant's appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on September 13, 2012, we invited defendant to submit additional briefing. To date, he has not done so.

4.

Defendant has failed to obtain a certificate of probable cause and therefore cannot challenge the underlying validity of his plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-79.)

After independent review of the record, we find that no other reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.